Hearing 4-16-0887, People v. Demetrius Watts, appearing for the appellant is Attorney James Waller and for the appellee is Attorney Timothy Londrigan. Good morning. Mr. Waller, are you ready to proceed? Good morning. My name is James Waller. I'm an assistant defender with the Office of the State Appellate Defender here in the 4th District. I represent Demetrius Watts. The question of this case is not a unique one. This is a case that asks us to find where the line is for how much force is necessary to turn a theft into a robbery. But it is unique in that this is the first time that the state is asking us to set that bar at zero force. Demetrius Watts, 47 years old, walked into the Jack Flash convenience store in Arcola, Illinois at 1.30 in the morning. He was passing through town with a friend. He got a bag of chips, got a drink, I think it was orange juice, brought it to the cash register. He wasn't wearing a mask. He was not armed. He gave Elizabeth Stanton, the Jack Flash employee, a $20 bill. She opens the cash register and begins counting out his change. Mr. Watts then quickly and furtively moves his hand towards the cash register in a way that Ms. Stanton took to mean that he intended to reach into the $20 bill tray. She testified that his hand was right above where the 20s were. Reacting quickly, Ms. Stanton slapped his hand away with her own and slammed the drawer shut. In the video, you can see when that happens, he raises his hands up real quick and steps away. She indicates that she's calling the cops and Mr. Watts walked out and the friend's vehicle left. Even though Mr. Watts is pro-stated trial, he filed a motion to dismiss, alleging that the charge does not coincide with the alleged offense. The terminology may not be exactly on point, but he was arguing that with no verbal exchange or threat of force, his action of reaching towards the cash register would at most constitute theft, not robbery. In other words, take all the allegations of his actions as true, you still fail to state a charge of robbery or attempt robbery. The trial court took that motion as a general denial on the elements and set the case for what turned out to be a very short trial. At trial, Ms. Stanton testified that she struck him, slapping his hand and slamming the drawer shut. That's the only contact between the two of them. That resulted in a minor temporary injury to her finger, which was red the next day and sore. He communicated no threat, didn't try to indicate that he had a weapon on him, didn't attempt to take anything from her person. In his post-trial motion, Mr. Watts re-argued that the charge and the conviction don't match the actual offense, which is attempt theft, and we're here today to argue the same thing, that as there is zero force used, threatened, attempted or implied, this robbery conviction cannot stand. The question of whether sufficient force was exerted to sustain a conviction of robbery is a legal question, and so this court reviews it to know that. Our case law is chock full of public published cases arguing that any given situation either included enough force to constitute a robbery or didn't. We're kind of lucky in Illinois. We've got a few cases that seem to stand for the upper and lower bounds of force that let us translate robberies and thefts. Mr. Waller, could I interrupt you for a moment in terms of the cashier's testimony and the physical evidence? Did she say what part of her hand was red and swollen? It was her finger. I'm envisioning an index finger, but I can't swear that she said her index finger. It was one finger that was red and swollen the next day. Okay. And did she testify that that was from her slapping the defendant's hand or any action on his part in the reaching process? It was not, I don't believe it was very explicitly drawn out from her on direct, certainly not across either. And I think, I'm not even sure if she's aware whether that happened from hitting the register, from hitting his hand, but it certainly, I mean, he took no action toward her other than towards the drawer. She testified that she slapped him and slammed the drawer shut. So she initiated any contact with the defendant's hand and the register? That's my, yes, absolutely, that's her testimony. The case law that helps us translate this is People v. Patton, People v. Thomas, and People v. Powell. In Patton, the victim is carried on her purse by her fingertips. The defendant snatches it from her hand and passes it. He lightly brushes her fingers and the action causes her hand to move backwards somewhat. The Illinois Supreme Court said that's a theft. No threat of force, no force used to overcome the resistance of the victim, the simple taking or snatching of a purse, quote, the simple taking or snatching of a purse from the fingertips of its unsuspecting possessor, unquote, did not involve sufficient force to constitute a robbery. Nor is contact plus injury the equivalent to sufficient use of force. In People v. Thomas' second district case, the defendant punched the purse out of the victim's arm. When he did that, the purse, I guess, dragged along her arm with a five-inch long red streak on her arm. That was insufficient use of force to sustain a conviction for robbery in the second district. Now, we contrast those with People v. Powell. In that case, again, the victim is holding the purse in her hand. The defendant brushes her fingers while attempting to take the purse. This time, unlike with Patton, as he took her hand, he pushes her arm back, immobilizing her arm behind her, causing her body to turn slightly. That was force, the Illinois Supreme Court said. Looking at all the evidence, everything he did, that was the taking of a purse by use of force, and that's a robbery. There's other cases that involve snapping a purse strap. Anytime you have to overcome resistance, that causes force. The first sign of resistance in this case, Mr. Watson put his hands up, backed away, did not attempt to overcome any resistance. So incidental contact in the taking is not enough to cause, raise the case to a robbery. You have to either threaten force or use force to overcome resistance. More specifically, in an attempt charge, you have to be in dangerous proximity to have accomplished that use of force. There's less force and evidence in Mr. Watson's case than in the many cases where the force was found to be insufficient to sustain a robbery conviction, because there was no force used. He's sentenced to 90 years for his attempted theft. He's already been in prison for over two years, counting his pretrial detention. That's twice as long as a maximum sentence for causing misdemeanor theft, which is what we're talking about here, even with his priors on an attempt. We respectfully request that this court modify his conviction to attempt theft and sentence to time served. That's our questions on Argument 2. I'll stand in the briefing on that issue. I don't see any questions. Thank you. Mr. London, response. Good morning, Your Honors. May it please the court, counsel. As counsel indicates, this case is about the requisite amount of force necessary to constitute a robbery as opposed to a theft. He is also correct that the case law that we both cited in our briefs, I think, tries to address that. In his rebuttal, though, it appears as though the defendant is attempting to argue that it's not sufficient force unless it was his intent to have some type of contact with the victim. I'm reading from the last page of his brief where it says, Mr. Watts, the defendant, never intended to take anything from Ms. Stanton, who was the cashier. He was reaching specifically for the cash in the cash drawer. In the last sentence, it says Mr. Patton did not intend to interfere with her body at all. So it appears as though the defendant is suggesting that it is the intent of the defendant and his efforts to rob us whether or not he intended any contact with the victim to be dispositive of the issue. I don't think that's the case law. The case law suggests... How did the defendant use force in this instance? By reaching to grab the money. So just by reaching? Yes, just by attempting to grab the money in front of the cashier. So how do you distinguish that from the case cited by opposing counsel regarding the purse where you just snatch the purse and that's not force? Well, Your Honor, it looks like in the Patton case, what they're looking at... It is a close question. I'll grant the court that. But it says where the question has been considered, it has been held that a simple snatching or sudden taking of property from the person of another does not of itself involve sufficient force to constitute robbery. Though the act may be robbery, where a struggle ensues, the victim is injured in the taking, where the property is so attached to the victim's person or clothing as to create resistance in the taking. So the exception to that is, is the victim injured? And the evidence says she was. In fact, we have a videotape of it. Was she injured in the taking? Does that mean as a result of the action of the defendant, you know, imposing force? Or does it mean just if you get injured no matter what the defendant does? It means if you are injured by a foreseeable action of the defendant, the defendant is responsible for his actions, such as felony homicide. You don't have to intend to kill the guy. But if you were involved in a felony at the time, you are responsible. How about aiding and abetting? If you're the getaway driver, you didn't intend the guy who was robbing the store to shoot the clerk, but he did. And you're therefore responsible for the death of that clerk. Defendants are responsible for the foreseeable consequences of their actions. When you forcibly try to grab money from somebody right in front of them, they're watching you. You should anticipate that they're going to try to take some effort to defend their property. And when they do so, and they're injured by that conduct, you're responsible for that injury. So if I reached across the counter and punched him in the forehead, and he fell to the ground, but it kind of felt bad to my knuckles, it becomes a robbery? It does if the reason for, I'm assuming you're the victim, as opposed to the perpetrator. And very quick, by the way, but assuming that, yes, you're the victim, absolutely. What if each of us have, it's a $50 bill, and I've got my thumbs on one side of it, and the robber, the thief, has his thumbs on the other side of it, and we're each pulling like this. And the robber, that thief, pulls it away from me, and I stumble back into the counter. And it doesn't feel good, but I'm not going to go to the doctor, I'm not hurt, but it didn't feel good. Is that a robbery? That's a struggle, Judge. And that's more than we have here, right? No, I don't think it's more than we have here. They didn't struggle, right, between each other? It's a struggle because she's protecting to keep what is hers, which is the money in the cash register, and she's attempting to move his hand away. He's attempting to grab it. So do you concede that she was injured as a result of her slapping the defendant's hands and slamming the cash register drawer shut? No, I don't think there's any evidence of how she was actually injured. I read the transcript. She says she's reaching for the drawer, her hand comes in contact with his, whether or not he intended to hit her hand, whether or not he was trying to. She doesn't say it came in contact. She said, I slapped it and slammed the door shut. She does say that. And threw his chain down. She discusses how she was hurt in two separate sections, I think, but I don't think she describes how her hand was injured. The state asked her to identify, were you injured? Yes, how so? She describes the soreness. She doesn't explain how that injury was specifically incurred. It's an odd finale to the theft or robbery, whatever you're going to call it here, that she then proceeded to make change and provided him with the chain. Isn't that right? You know, yes. That's a little odd to me, too. That's beside the point. You commented on the fact that she made change for him and he left and it just seemed like that's not the typical end of the crime. That's true. But neither are we given a situation where there's videotape of the crime, the jury is shown the videotape, the jury is properly instructed as to what a robbery is, and an IPI instruction comes back with a finding of guilt. So if we're going to come as a matter of law and that an instance like this can never be robbery, I think the court is opening the door to a very slippery slope here. What did the trial judge say about this issue of the use of force? The trial judge in this instance? Yes. I don't recall. At the time of the motion to dismiss, he didn't address it orally? I don't believe, Judge. If he did, I don't recall what he said. I think counsel's suggestion that the court took the motion as a general denial I think was what I picked up from as well. I don't know that he really got into an in-depth analysis. And he wouldn't have had the cashier's testimony at that point, maybe a statement if it was similar. But post-trial, was there an opportunity for the trial judge to address this issue? Not that I recall, Your Honor. Okay. I mean, to answer your question, Judge, it's kind of similar to this case that's cited in Patent. They say that a conviction of robbery where the evidence established that the defendant grabbed a handbag with such force that the prosecuting witness testified that it bruised my arm and was lame for several days is sufficient to support a robbery conviction. So there, there was no struggle. She's simply complaining that you took the purse in such a fashion that I suppose the strap bruised her arm with the forceful taking of the purse. Similar to, you know, what you're talking about. So I think the exceptions are fairly clear and, you know, unless you are removing an item from a victim's person without the victim's knowledge and without the victim even realizing what is transpiring until after it has taken place, I think it's a robbery. You know, if the victim takes any effort to try to maintain their property, that's a struggle. If the victim is injured in the effort of you taking it, that's a robbery. And if there are no further questions, Your Honor, I don't see any. Thank you. Thank you. Mr. Waller, rebuttal. Thank you. I agree. The trial judge does not address the merits of Mr. Watts' arguments in a lot of detail. And that's not a criticism of the trial judge. Mr. Watts filed a voluminous number of filings and his best arguments maybe didn't always jump to the top of the discussion. But it was in there. It was preserved. But yes, as the court indicated, the court did not have the cashier's testimony yet at that motion dismiss hearing. And as he was indicating, this would only be a theft. He says, well, then you're just denying one of the elements, which would be forced. So we're going to have a trial, which makes sense. I understand the court's reasoning there. But having heard the evidence, certainly the post-trial motion, it should have been granted. I do strongly disagree with counsel on this characterization of Patton. There was no strapped-in bruiser in Patton. Well, excuse me. I apologize. I want to make sure I'm not confusing my cases. The case where they did find force, it wasn't a strapped-in bruiser. He exercised dominion over her body. He took her arm and twisted it around behind her and then mobilized it. That's force. That's robbery. If we're going to adopt this new rule that says in every action, every quick theft is a robbery, that's the slippery slope. That's the activism I would be worried about. We can't use the felony murder rule to transfer us to the specific intent like that. The felony murder rule is a specific statute. We say it doesn't normally follow from common sense. So we have to write a specific rule that says somebody gets murdered while you're committing a felony. We can't take that and say, well, while you're committing a misdemeanor, you can also commit a felony if the other person reacts in a certain way. It doesn't work that way. You can't have the type of specific intent. I think intent is important. Counsel was discussing it at the beginning of his argument. The intent of the person, whether it is to exercise dominion over you or to harm you in some way or overcome resistance, that's the difference between robbery and theft. This case is a theft, and there are many other steps of theft between this. I think that the tussle over the $50 bill may very well be a theft. There's a lot of permutations this could be, but we don't have to get too far into the weeds, because here there was no intended use of force. There was no use of force that closes it up on the part of the defendant. Actions taken by the, as slapping, physical violent actions taken in defense of property by the cashier don't transform his theft of the robbery. Thank you much. Okay. Thank you, counsel. The case will be taken under advisement and a written decision.